UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ERLINDA URSUA, LORENZO URSUA, individually and as Executor for the ESTATE OF ERLINDA URSUA, ROXANNE BAUTISTA and RHODORA URSUA,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>ALAMEDA COUNTY MEDICAL CENTER, et al.,<br><br>　　　　Defendant(s). | No. C 04-3006 BZ<br><br>**ORDER DENYING DEFENDANT ALAMEDA COUNTY MEDICAL CENTER'S MOTION FOR ATTORNEY'S FEES** |

　　　Defendant Alameda County Medical Center (the "Medical Center") moves for an award of $106,015.75 in attorney's fees as a prevailing defendant on summary judgment. The Medical Center moves for attorney's fees pursuant to 42 U.S.C. § 1988, which provides that the court, in its discretion, may grant the prevailing party in a federal civil rights action a reasonable attorney's fee.

　　　While a prevailing plaintiff may recover attorney's fees unless "special circumstances" make the award unjust, a

1

1  prevailing defendant may only recover fees pursuant to 42
2  U.S.C. § 1988 if the claim was "frivolous, unreasonable or
3  groundless" and not simply because plaintiffs lost.  <u>Hughes v.</u>
4  <u>Rowe</u>, 449 U.S. 5, 14 (1980)(applying <u>Christiansburg Garment</u>
5  <u>Co. v. Equal Employment Opportunity Commission</u>, 434 U.S. 412,
6  422 (1978) to civil rights actions under 42 U.S.C. § 1983).
7  In determining the merits of a lawsuit and deciding whether to
8  award a prevailing defendant attorney's fees, courts should
9  avoid post hoc reasoning since "[t]his kind of hindsight logic
10 could discourage all but the most airtight claims" and "no
11 matter how meritorious one's claim may appear at the outset,
12 the course of litigation is rarely predictable."
13 <u>Christiansburg</u>, 434 U.S. at 421-22.  <u>See also</u> <u>Hughes</u>, 449 U.S.
14 at 14.  It is impermissible to conclude that because
15 plaintiffs did not prevail, their lawsuit must have been
16 unreasonable or without foundation.  <u>Christiansburg</u>, 434 U.S.
17 at 422.  If neither party could have predicted with absolute
18 confidence the outcome of the case, the action cannot be
19 called frivolous and awarding attorney's fees to the defendant
20 would be inappropriate.  <u>Dosier v. Miami Valley Broadcasting</u>
21 <u>Corp.</u>, 656 F.2d 1295, 1301 (9th Cir. 1981).  Reviewing the
22 history of this case under this standard, I find that
23 defendant is not entitled to attorney's fees pursuant to 42
24 U.S.C. § 1988.
25      The Medical Center asserts that plaintiffs should have
26 known that they would not prevail because Ninth Circuit
27 precedent requires affirmative conduct as part of the <u>Grubbs I</u>
28 danger-creation exception to the <u>Harker Heights</u> rule exempting

2

1  municipalities from liability and there was no support for
2  plaintiffs' contention that the Medical Center's failure to
3  act in the face of known dangerous conditions caused the
4  creation of a danger.  The Medical Center also asserts
5  plaintiffs did not have sufficient factual support at the time
6  of filing their complaint for their claims that a supervisor
7  directed Dr. Ursua to examine Pavon or that she had to do so
8  alone or in an isolated room.
9      It was not a foregone conclusion that the Medical Center
10 would prevail.  At the time plaintiffs filed their complaint,
11 and even at the time of the Medical Center's summary judgment
12 motion, the distinction between what constitutes affirmative
13 action versus inaction was not clear, especially given the
14 dearth of Supreme Court cases clarifying the standard.  As
15 plaintiffs point out in their opposition to the Medical
16 Center's motion for attorney's fees, some courts in other
17 circuits have struggled with the distinction and abandoned the
18 "action" versus "inaction" dichotomy as the focus of danger-
19 creation theory.  See Morse v. Lower Merion School District,
20 132 F.3d 902 (3rd Cir. 1997).  The standard is complex, which
21 is why the court requested further briefing from the parties
22 and devoted considerable time to exploring this issue at oral
23 argument.  All this effort would not have been needed had the
24 claims been frivolous.  See Hughes, 449 U.S. at 16, n.13.
25     Furthermore, at the time of the filing of the First
26 Amended Complaint, it was reasonable for plaintiffs to have
27 believed that the Medical Center had implemented certain
28 policies, customs and procedures that constituted acts

3

creating a foreseeable danger actionable under 42 U.S.C. § 1983.  In the months preceding Dr. Ursua's death, assaults on the Medical Center staff had escalated.  When the staff believed their complaints had not received proper attention, they contacted the State of California's Division of Occupational Safety and Health which investigated the Medical Center and issued a citation for a serious violation of a state safety regulation.  Despite its knowledge of the escalating danger to its staff, there was evidence that the Medical Center continued to designate an isolated unmonitored room for examinations.  It apparently relied on its unwritten policy of a "buddy" system for staff to be accompanied whenever dealing with patients but it did not reduce this to writing or enforce strict compliance.  At the very least, there was evidence that the Medical Center maintained an unsafe work environment, and plaintiffs could have reasonably expected to find through discovery other practices or acts that would constitute affirmative conduct which caused or created a danger leading to Dr. Ursua's death.  For example, at one time plaintiffs explored the possibility that the Medical Center had directed to reduce, or reduced, the presence of a roving security guard.  Ultimately, the record did not support this claim, but plaintiffs should not be penalized for failing to predict this or exploring all of their possible claims.

Given the extensive discovery, research, briefing and argument necessary to resolve this case, I cannot conclude that either the filing of the federal claim or plaintiffs'

4

1  continuing prosecution was "frivolous, unreasonable, or
2  groundless" such that an award of attorney's fees against
3  plaintiffs is appropriate to deter the filing of similar
4  actions.  As the Ninth Circuit stated in reversing a
5  defendants' fee award, "[w]hen it enacted § 1988, Congress
6  intended to promote, not to discourage, vigorous enforcement
7  of federal civil rights laws."  <u>Jensen v. Stangel</u>, 762 F.2d
8  815, 818 (9th Cir. 1985).
9       I find no need for further argument, so the hearing
10 scheduled for September 6, 2006 is **VACATED**.  For the reasons
11 stated above, **IT IS ORDERED** that defendant's motion for
12 attorney's fees is **DENIED**.
13 Dated:   September 5, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

16 G:\BZALL\-BZCASES\ESTATE OF URSUA\Attorney Fees\DENY.ATTY FEES.ORD.wpd

5